**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.     No. CV 07-1121 RB/ACT
      CR 05-1796 RB

ARTURO DAVID ARMIJO,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 79) filed November 2, 2007, and on his amended motion (CV Doc. 4) filed February 1, 2008. *See* 28 U.S.C. § 2255 R.4. Defendant pleaded guilty to one count of an indictment for possession with intent to distribute methamphetamine. In his plea agreement, Defendant agreed to waive his right to appeal his conviction or sentence, or to pursue a collateral attack under 28 U.S.C. § 2255, except to raise claims of ineffective assistance of counsel. The Court sentenced Defendant to 151 months' imprisonment, based in part on an increased offense level under the Sentencing Guidelines for possession of a firearm. Judgment was entered on January 8, 2007. Defendant did not appeal his conviction or sentence.

    Defendant's § 2255 motion asserts five claims. In summary, Defendant alleges that, as a result of procedural irregularities, Congress did not enact the statute that confers subject matter jurisdiction of criminal proceedings on the federal district courts. The Court therefore lacked subject matter jurisdiction of Defendant's criminal case. In the amended motion, Defendant contends that his attorney was ineffective for failing to raise the issue of subject matter jurisdiction, to make an argument against an increase in his offense level, or to pursue an appeal. As indicated by the dates

above, Defendant filed his amended motion more than a year after the Court entered judgment on his conviction.

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)); *and see United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006). The Court weighs Defendant's claims under these standards.

In his original motion, Defendant raises the substantive claim that the Court lacked subject matter jurisdiction of the criminal proceeding against him. He alleges that, as a result of procedural irregularities, Congress did not enact Public Law 80-772, which is codified as 18 U.S.C. § 3231. This statute, which was signed into law in 1948, confers subject matter jurisdiction of criminal proceedings on the federal district courts. *See* § 3231. As recently noted in another district court's analysis of the same claims that are raised by Defendant here,

> Petitioner's first and fourth contentions claim the Court is without jurisdiction, because 18 U.S.C. § 3231 was never enacted into positive law, and is therefore unconstitutional and void. This is one of the jailhouse lawyers' arguments du jour. It has never been accepted, and will not be accepted here. In short, the annotated version of the statute reflects an effective date of June 25, 1948; President Truman signed the bill into law that same day. "[I] t is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes." Petitioner's argument concerning 18 U.S.C. § 3231 wholly fails to show his conviction is "void ab initio." This claim affords him no relief.

*United States v. Schultz*, Nos. 03-CR-08(02)(JMR/FLN), 06-CV-5020(JMR), 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007) (internal citations omitted). Furthermore, as noted by a district court in Pennsylvania, "Defendant has offered no legitimate case law to the contrary. Indeed, the Supreme

Court's discussion and application of 18 U.S.C. § 3231 refute Defendant's assertions [of lack of subject matter jurisdiction]." *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (citing, inter alia, *Tafflin v. Levitt*, 493 U.S. 455, 471 (1990)).  This Court had subject matter jurisdiction of this criminal proceeding, and Defendant was not prejudiced by his attorney's failure to raise this issue here or on appeal.

In his amended motion, Defendant claims that his offense level was wrongly increased under the Sentencing Guidelines for possession of a weapon.  He asserts that his attorney provided ineffective assistance by failing to make a substantive argument against the increase.  Specifically, he asserts that counsel argued only against the government's use of hearsay evidence, and that the Court's ruling was limited to the hearsay question.  Because his attorney failed to argue against the sufficiency of the evidence to support a finding of constructive possession of a weapon, his offense level was improperly increased.

In direct contradiction of Defendant's assertions, the sentencing transcript clearly indicates that the Court found that "[a]ll evidence . . . places the gun in the vehicle throughout the trip, either in the defendant's direct control or in the handbag of his girlfriend seated next to him." (Sentencing Hr'g Tr. at 3, Dec. 18, 2006.)  The Court also found that, on the question of "a temporal or spacial [sic] relationship between the gun involved, the drug activity, and the defendant, . . . the Government has carried its burden." (Tr. at 3.)  This is the exact standard cited by Defendant in his amended memorandum. (Am. Mem. at 5.)  The Court specifically rejected the evidentiary arguments that Defendant now makes in his memorandum. (Tr. at 3-4.)  As with the jurisdictional claim above, Defendant makes no showing of prejudice from his attorney's failure to argue or appeal this issue, *see Cooks*, 165 F.3d at 1292-93, and these claims will be dismissed.  Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss the motion.

3

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 79) filed November 2, 2007, is DISMISSED with prejudice; and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE